# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

In Re: Don Karl Juravin

DON KARL JURAVIN,

        Appellant,

v.                                                  Case No:   5:23-cv-138-GAP

DENNIS D. KENNEDY,

        Appellee

---

## ORDER

This cause came on for consideration without oral argument on the Motion for Sanctions filed by the Appellee and Chapter 7 Trustee Dennis D. Kennedy ("Trustee") (Doc. 22). Appellant Don Karl Juravin ("Juravin") has failed to timely file a response; therefore, the Motion is subject to treatment as unopposed. *See* M.D. Fla. Local Rule 3.01(c).

### I.   Background

This appeal arises from the Bankruptcy Court's approval of a settlement agreement reached pursuant to the Chapter 7 bankruptcy proceedings for Juravin and a company that he is affiliated with, Must Cure Obesity, Co. ("MCO").[1] *See*

---

[1] *See* 6:18-bk-6821-LVV ("Juravin's Bankruptcy Case") and 6:20-bk-1801-LVV ("MCO's

Doc. 9-1 at 1-34. In November of 2022, the Trustee and American Express Company ("AMEX") reached a settlement resolving claims brought pursuant to Juravin and MCO's Bankruptcy Cases. *See id.* at 43-47. Over Juravin's objection, the Bankruptcy Court issued an Order granting the Trustee's motion to approve this settlement pursuant to Bankruptcy Rule 9019. *See id.* at 35-57. Juravin appealed after the Bankruptcy Court denied his Motion for Reconsideration and overruled his Amended Objection to the settlement. *See id.* at 58-75; *see also* Docs. 1, 15-14.

This Court affirmed the Bankruptcy Court without reaching the merits of Juravin's appeal because Juravin lacked standing. Doc. 16. Additionally, the Court ordered Juravin to show cause why it should not impose sanctions pursuant to Federal Rule of Bankruptcy Procedure 8020 due to his frivolous appeal. *Id.* at 7. Juravin failed to timely file a response to the Court's Show Cause Order; he instead appealed this Court's Memorandum Opinion and Order to the Eleventh Circuit Court of Appeals. Doc. 18. In the interest of judicial economy, the Court administratively closed this case while Juravin's Eleventh Circuit appeal was pending, and it directed the Trustee to file a motion for sanctions, if sanctions remained appropriate, after the Eleventh Circuit issued its mandate. Doc. 21.

The Trustee timely filed the instant Motion for Sanctions after the Eleventh

---

Bankruptcy Case").

Circuit dismissed Juravin's appeal for want of prosecution. Doc. 22; *see also* Doc. 25. In his Motion, the Trustee asks the Court: (1) to award him the attorneys' fees and costs that he incurred in defending this appeal (in the amount of $5,587.00) and (2) to declare Juravin "a vexatious litigant and limit his ability to initiate further appeals from his underlying Bankruptcy Case by establishing a procedure consistent with . . . *In re: Vexatious Litigants in the Orlando Division*, 6:23-mc-03-RBD."[2]

## II.     Legal Standard

The Trustee moves for sanctions pursuant to Federal Rule of Bankruptcy Procedure 8020 ("Rule 8020"). Rule 8020 "permits a court to impose sanctions on an appellant if it determines that an appeal from a bankruptcy order is frivolous." *West v. Chrisman*, 518 B.R. 655, 667 (M.D. Fla. 2014). In evaluating whether sanctions are appropriate under Rule 8020, courts consider whether there is "'bad faith on the part of the appellant' and 'whether appellant's argument: addresses the issues on appeal properly; fails to support the issues on appeal; fails to cite any authority; cites inapplicable authority; makes unsubstantiated factual assertions; makes bare legal conclusions; or, misrepresents the record.'" *In re Land Resource, LLC*, 6:12-cv-961, 2013 WL 950690, at *1 (M.D. Fla. March 12, 2013) (quoting *In re Maloni*, 282 B.R.

---

[2] The Trustee additionally notes that, on January 16, 2024, the Bankruptcy Court "granted the Trustee's Motion to Declare Debtor a Vexatious Litigant and for Martin-Trigona Injunction (Doc. No. 952) in open Court." Doc. 22. He argues that "it would likewise be appropriate for this Court to designate Juravin a vexatious litigant and to restrict the filing of new appeals stemming from Juravin's Bankruptcy Case." *Id.*

727, 734 (1st Cir. 2002)).

**III.    Analysis**

Again, sanctions are undoubtably warranted against Juravin for this frivolous appeal. As the Court stated in its Memorandum Opinion and Order, "Juravin's instant appeal constitutes another 'abusive and frivolous filing' stemming from his underlying bankruptcy proceeding in 6:18-bk-06821-LVV." Doc. 16 at 6 n.5 (citing *In re: Vexatious Litigants in the Orlando Division*, 6:23-mc-03-RBD, at 1). The Court gave Juravin ample opportunity to contest the Trustee's Motion for Sanctions and his fees calculation; however, Juravin never responded to the Motion or the Court's Orders. *See* Doc. 24. On review of the Trustee's calculation and his counsel's affidavit itemizing his fees, the Court finds that the Trustee's fees are reasonable. *See* Doc. 22 at 8-15. Consequently, Juravin will be ordered to pay the Trustee's attorneys' fees and costs, in the amount of $5,587.00. *See* Doc. 22 at 8-15.

As noted above, the Trustee has also asked this Court to declare Juravin a vexatious litigant and limit his ability to file additional appeals. Although this Court has repeatedly warned Juravin that it is "authorized to restrict access to vexatious and abusive litigants," Juravin's incessant frivolous appeals have not ceased. *See In re: Vexatious Litigants in the Orlando Division*, 6:23-mc-03-RBD, at 1 (quoting *Brewer v. United States*, 614 F. App'x 426, 427 (11th Cir. 2015)); *see also* 6:20-cv-2117-PGB; 6:21-cv-1921-GAP;    6:21-cv-1922-GAP;    5:22-cv-606-GAP;    5:23-cv-138-GAP;

5:23-cv-164; 5:23-cv-166-GAP; 5:23-mc-7-GAP. As a result, the Court will restrict Juravin's appellate access to this Court, in an effort to curb his vexatious and abusive practices and to prevent him from unnecessarily encroaching on the judicial machinery needed by others.

## IV. Conclusion

Accordingly, it is hereby **ORDERED** that:

1. The Motion for Sanctions filed by Appellee and Chapter 7 Trustee Dennis D. Kennedy (Doc. 22) is **GRANTED**.

2. Sanctions are imposed against Appellant Don Karl Juravin pursuant to Federal Rule of Bankruptcy Procedure 8020.

3. Appellant Don Karl Juravin is liable to Appellee and Chapter 7 Trustee Dennis D. Kennedy for his reasonable attorneys' fees.

4. The Clerk is directed to enter judgment for Appellee and Chapter 7 Trustee Dennis D. Kennedy and against Appellant Don Karl Juravin in the amount of $5,587.00.

5. Appellant Don Karl Juravin is designated as a vexatious litigant and is hereby restricted from filing additional appeals from his underlying bankruptcy proceeding in 6:18-bk-06821-LVV. Any further appeal filed by Don Karl Juravin in either the Ocala Division or the Orlando Division will be assigned to and reviewed by the undersigned.

6. The Clerk is directed to close this appeal.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 22, 2024.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party